STATE OF NEBRASKA, APPELLEE, V. CAREY DEAN MOORE, APPELLANT.

502 N.W.2d 227

Filed July 9, 1993.   No. S-43557.

Alan E. Peterson, of Cline, Williams, Wright, Johnson & Oldfather, for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ., and CHEUVRONT, D.J.

WHITE, J.

This case is before us on the State's motion for the resentencing of Carey Dean Moore. The U.S. District Court for the District of Nebraska granted Moore habeas corpus relief and ordered his death sentence reduced to life imprisonment unless the State initiated capital resentencing proceedings.

Moore was convicted of two counts of first degree murder for the 1979 deaths of Reuel Eugene Van Ness, Jr., and Maynard D. Helgeland. The facts of the crimes are set out in our opinion in *State v. Moore*, 210 Neb. 457, 316 N.W.2d 33 (1982), *cert. denied* 456 U.S. 984, 102 S. Ct. 2260, 72 L. Ed. 2d 864. A three-judge sentencing panel imposed the death penalty on both counts. On direct appeal, we affirmed the conviction

and sentence. *State v. Moore, supra*. Moore was denied postconviction relief by the district court, and we affirmed. *State v. Moore*, 217 Neb. 609, 350 N.W.2d 14 (1984).

The U.S. District Court for the District of Nebraska granted Moore a writ of habeas corpus, finding that the "exceptional depravity" element of Neb. Rev. Stat. § 29-2523(1)(d) (Reissue 1989) applied by the sentencing panel to justify the death penalty was unconstitutional.

On appeal by the State, the U.S. Court of Appeals for the Eighth Circuit affirmed the district court's decision. *Moore v. Clarke*, 904 F.2d 1226 (8th Cir. 1990), *reh'g denied* 951 F.2d 895 (8th Cir. 1991), *cert. denied* _____ U.S. _____, 112 S. Ct. 1995, 118 L. Ed. 2d 591 (1992). The sole issue on appeal was the constitutionality of the phrase "manifested exceptional depravity by ordinary standards of morality and intelligence" contained in § 29-2523(1)(d). The court of appeals agreed with the district court that this phrase was unconstitutionally vague and further held that the case law interpreting it "provides insufficient guidance to a sentencing body called upon to determine whether a particular murder 'manifested exceptional depravity.' " *Moore v. Clarke*, 904 F.2d at 1233.

On July 1, 1992, the federal district court ordered the death sentence reduced to life imprisonment unless the State filed for capital resentencing proceedings within 60 days. The State timely filed a motion for resentencing, which was granted by this court.

In its motion, the State requests that we define the "exceptional depravity" element of the aggravating circumstance described in § 29-2523(1)(d) to satisfy the federal court's objections as to constitutionality, apply this definition to the circumstances of the case, reweigh all the aggravating and mitigating factors applicable to the imposition of the death penalty, and determine an appropriate sentence. However, this opinion will not reach the issue of constitutionality of the aggravating circumstance described in § 29-2523(1)(d), nor will we determine the propriety of the death sentence in this case. Although we believe, as indicated below, that this court has the authority to resentence Moore, in the interest of judicial economy we remand this cause to the district court for Douglas

County for resentencing.

In *State v. Reeves*, 239 Neb. 419, 476 N.W.2d 829 (1991), we addressed the issue concerning our authority to determine the propriety of a death sentence by reweighing the aggravating and mitigating factors of the case. In Reeves' prior direct appeal, we found that the sentencing panel improperly applied the aggravating circumstance described in § 29-2523(1)(d) and failed to consider a mitigating circumstance. *State v. Reeves*, 216 Neb. 206, 344 N.W.2d 433 (1984). After reweighing the aggravating and mitigating factors, we affirmed the district court's conviction and sentence. *Id*. Reeves was denied postconviction relief by the district court, and we affirmed. *State v. Reeves*, 234 Neb. 711, 453 N.W.2d 359 (1990). The U.S. Supreme Court granted Reeves' petition for writ of certiorari, vacated our decision on postconviction relief, and remanded the cause to us for reconsideration in light of the Court's decision in *Clemons v. Mississippi*, 494 U.S. 738, 110 S. Ct. 1441, 108 L. Ed. 2d 725 (1990). On remand, we analyzed the implications of *Clemons* and found:

> In summary, *Clemons* . . . sets forth three options available to appellate courts in death penalty cases where there has been an error concerning the trial court's finding of aggravating and/or mitigating circumstances. First, the court may analyze and reweigh the aggravating and mitigating circumstances itself to determine whether or not the scale tips in favor of the death penalty. Second, the court may conduct a harmless error analysis to determine whether or not error by the district court in finding aggravating or mitigating circumstances has prejudiced the rights of the defendant. Third, the court may remand the cause for a new sentencing hearing.

*State v. Reeves*, 239 Neb. at 423, 476 N.W.2d at 834.

Moore questions the authority of this court to resentence him. As indicated in *State v. Reeves*, 216 Neb. 206, 344 N.W.2d 433 (1984), we have the authority to resentence by analyzing and reweighing the aggravating and mitigating factors of the case.

It should be noted that in another Nebraska death penalty case the U.S. Court of Appeals for the Eighth Circuit held that

*Clemons* did not authorize this court to reweigh when the sentence imposed was based entirely on invalid considerations. *Rust v. Hopkins*, 984 F.2d 1486 (8th Cir. 1993), *cert. denied* ____ U.S. ____, 113 S. Ct. 2950, 124 L. Ed. 2d 697. In our opinion disposing of Rust's direct appeal, we acknowledged that this court had on the same day in another case held that facts indicating the existence of an aggravating factor must be proven beyond a reasonable doubt. *State v. Rust*, 197 Neb. 528, 250 N.W.2d 867 (1977), *cert. denied* 434 U.S. 912, 98 S. Ct. 313, 54 L. Ed. 2d 198. Recognizing that the sentencing panel may not have applied this newly mandated burden of proof, we reviewed the evidence and concluded that the aggravating factors had been proven beyond a reasonable doubt. *State v. Rust, supra*. After reweighing the mitigating and aggravating factors, we affirmed the conviction and sentence. Subsequently, Rust sought and received habeas corpus relief from the federal district court. On appeal, the U.S. Court of Appeals for the Eighth Circuit affirmed. *Rust v. Hopkins, supra*. That court's decision was based in part upon its finding that *Clemons* did not authorize appellate court reweighing to cure a sentencing panel's failure to apply the correct burden of proof. *Rust v. Hopkins, supra*.

> We recognize, of course, that an appellate court is fully competent to "cure" some sentencing deficiencies in capital cases. However, we think such appellate remedies are appropriate when the initial sentencing was tainted by relatively minor errors . . . . We do not believe that *Clemons* or any other decision on this issue supports the proposition that an appellate court can provide an adequate "cure" when the entire first tier of the sentencing process was invalid.

*Rust v. Hopkins*, 984 F.2d at 1493.

In addition to the foregoing, the court of appeals held that our reweighing in this case was unconstitutional because it eliminated Rust's statutory right to an appellate review of his sentence. "Here, the action of the appellate court in curing these deficiencies by stepping in the shoes of the sentencing panel, creates an additional violation by eliminating the possibility of appeal." *Id*. at 1495. The court simply addressed

this issue in a short paragraph without expounding on its application to other resentencing or reweighing situations. The court of appeals' decision does not fully examine the constitutionality of appellate court reweighing under Nebraska's two-tiered sentencing system.

Notwithstanding the distinguishable facts between the *Rust* case and this case, we are not bound to follow the federal court's interpretation of *Clemons* over our own, nor must we apply to all other death penalty cases the court of appeals' holding that our reweighing in *Rust* was unconstitutional under Nebraska's two-tier system.

> The Supremacy Clause demands that state law yield to federal law, but neither federal supremacy nor any other principle of federal law requires that a state court's interpretation of federal law give way to a (lower) federal court's interpretation. In our federal system, a state trial court's interpretation of federal law is no less authoritative than that of the federal court of appeals in whose circuit the trial court is located.

*Lockhart v. Fretwell*, ____ U.S. ____, 113 S. Ct. 838, 846, 122 L. Ed. 2d 180 (1993) (Thomas, J., concurring). See, also, *Steffel v. Thompson*, 415 U.S. 452, 94 S. Ct. 1209, 29 L. Ed. 2d 505 (1974) (Rehnquist, J., concurring); *United States ex rel. Lawrence v. Woods*, 432 F.2d 1072 (7th Cir. 1970), *cert. denied* 402 U.S. 983, 91 S. Ct. 1658, 29 L. Ed. 2d 148 (1971).

The court of appeals' interpretation of *Clemons*, as set out in *Rust*, does not govern our decision in this case. We believe our analysis in *State v. Reeves*, 239 Neb. 419, 476 N.W.2d 829 (1991), is accurate and controlling. However, we acknowledge that if this court reweighed the aggravating and mitigating factors and resentenced Moore, the federal court would likely reverse pursuant to *Rust*. Therefore, it is futile for us to proceed with the resentencing.

We have remanded this cause not pursuant to the court of appeals' decision in *Rust*, but because, absent a U.S. Supreme Court decision as to the propriety of appellate court reweighing, it would be a waste of judicial resources for this court to render an opinion which will subsequently be overturned on a writ of habeas corpus by the federal courts. We

remand this cause to the district court for Douglas County for resentencing, in the interest of judicial economy.

REMANDED FOR RESENTENCING.

SHANAHAN, J., concurs in the result.