STATE OF NEBRASKA, APPELLEE, V.
LAWRENCE J. ORTIZ, APPELLANT.
670 N.W.2d 788

Filed November 7, 2003.   No. S-02-1051.

Lawrence J. Ortiz, pro se.

Jon Bruning, Attorney General, and Susan J. Gustafson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

NATURE OF CASE

On February 13, 1971, Lawrence J. Ortiz was convicted of murder in the first degree and sentenced to life imprisonment by

the Buffalo County District Court. This appeal involves the district court's denial of Ortiz' third motion for postconviction relief.

## SCOPE OF REVIEW

■ On appeal from a proceeding for postconviction relief, the trial court's findings of fact will be upheld unless such findings are clearly erroneous. *State v. Narcisse*, 264 Neb. 160, 646 N.W.2d 583 (2002).

■ Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. *State v. Dandridge*, 264 Neb. 707, 651 N.W.2d 567 (2002). When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Id.*

## FACTS

The circumstances which led to Ortiz' conviction and sentence may be found in *State v. Ortiz*, 187 Neb. 515, 192 N.W.2d 151 (1971). We repeat only those facts that are relevant to this appeal. On Friday, August 28, 1970, Ortiz and the victim registered at a motel in Lincoln, Nebraska. The next evening, they were out eating and drinking until 1:30 a.m. Sunday. Ortiz registered alone at a motel in Kearney, Nebraska, at approximately 9:30 a.m. on Sunday. He left the motel before 7 o'clock Monday morning, and later that day, he sold his automobile to a Lincoln used-car dealer. Human blood was subsequently found on the rear floor mat and the chrome strip under the right door of the automobile.

On Monday, August 31, 1970, a brush fire occurred in an area adjacent to the Platte River approximately 15 miles west of Kearney and 3 miles south and 1¼ miles east of Elm Creek, Nebraska. The body of the victim was found on the edge of the burned patch, and there were marks indicating the body had been dragged from a lane referred to as a "river trail." The victim had been badly beaten around the face, and her hands had been severed. The body was burned in certain areas and was nearly bloodless.

On direct appeal, Ortiz challenged the sufficiency of the evidence and asserted error in the admission of evidence and in a denial of the right to introduce surrebuttal testimony. The judgment of the district court was affirmed. See *id.*

Ortiz' first postconviction motion was filed on February 28, 1973. Ortiz asserted, summarized and restated, (1) that he was denied his right to due process because the State failed to prove motive, premeditation, deliberation, and intent and failed to connect him with the killing; (2) that he was denied due process because the district court denied his request for a continuance until a subpoenaed witness had been located; (3) that he was denied his right to a fair and impartial trial because the State presented rebuttal testimony of a witness that had not been endorsed; (4) that the State had not proved where the victim was killed; and (5) that he was denied his right to a fair and impartial trial due to a pretrial order that he should remain in handcuffs throughout the trial. Postconviction relief was denied in March 1973 by the Buffalo County District Court. There is no record that Ortiz appealed this decision.

Ortiz' second motion for postconviction relief was filed on February 12, 1976. In that motion, Ortiz again sought to set aside the judgment and sentence of the district court. He alleged ineffective assistance of counsel for failure to move for a continuance due to the unavailability of the same subpoenaed witness described in the 1973 postconviction motion. Ortiz' second motion for postconviction relief was denied in May 1976. The district court stated that the motion contained no new basis for postconviction relief that was not available to Ortiz at the time the 1973 motion was filed and that he was not entitled to relief under the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 1989). There is no record that Ortiz appealed this decision.

On June 19, 2002, Ortiz filed a motion for DNA testing in the Buffalo County District Court pursuant to the DNA Testing Act, Neb. Rev. Stat. §§ 29-4116 to 29-4125 (Cum. Supp. 2002). He sought to have analyzed the DNA from spots of blood found in his automobile. He claimed that this blood was introduced at trial as the victim's blood, but that the source of the blood was never established. Ortiz alleged that the bloodstains did not come from the victim. The district court found

> based upon the affidavits submitted that the DNA testing requested by the defendant was affectively [sic] not available at the time of trial, that the biological material has

been retained under circumstances likely to safeguard the integrity of its original physical composition, and that such testing may produce noncummulative [sic], exculpatory evidence relevant to the claim by the defendant that he was wrongfully convicted and sentenced.

The district court granted Ortiz' motion in July 2002 and set out the specifics of the DNA testing. That matter is not before us at this time.

On August 21, 2002, Ortiz filed a third motion for postconviction relief in the Buffalo County District Court. Ortiz asserted (1) that the Buffalo County District Court lacked jurisdiction over the offense because it was not committed in Buffalo County, (2) that he was denied a fair trial because of prosecutorial misconduct, (3) that he was denied a fair trial because of jury misconduct, and (4) that he was denied his right to effective assistance of counsel on his direct appeal. As part of his argument, Ortiz claimed that DNA testing will show that bloodstains recovered from his car did not originate from the victim.

The district court denied Ortiz' third motion for postconviction relief on September 4, 2002. The district court found that all of the issues raised in the motion have previously been raised or could have been raised in Ortiz' prior postconviction motions. Ortiz timely appealed.

## ASSIGNMENTS OF ERROR

Ortiz assigns, restated, that the district court erred in denying his third motion for postconviction relief while the results of the DNA testing were still pending. Additionally, he assigns that the court reporter and the district court have not prepared the bill of exceptions as requested and in accordance with the rules of this court.

## ANALYSIS

### DENIAL OF ORTIZ' THIRD MOTION
### FOR POSTCONVICTION RELIEF

Ortiz' postconviction motion identified four issues: (1) whether the Buffalo County District Court lacked jurisdiction over the offense because it was not committed in Buffalo County, (2) whether Ortiz was denied a fair trial because of prosecutorial

misconduct, (3) whether he was denied a fair trial because of jury misconduct, and (4) whether he was denied his right to effective assistance of counsel on direct appeal. The district court found that all of these matters had previously been raised or could have been raised.

We first note that Ortiz is barred from relying on prosecutorial or jury misconduct as a basis for his third postconviction motion. These issues were known to Ortiz and his counsel at the time of trial, and there is no evidence that either was raised on direct appeal. It is well settled that a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and which were or could have been litigated on direct appeal. *State v. Reeves*, 258 Neb. 511, 604 N.W.2d 151 (2000).

With respect to Ortiz' claim concerning ineffective assistance of counsel, Ortiz raised this issue in his second motion for postconviction relief in the context of counsel's failing to move for a continuance due to the unavailability of a defense witness. An appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion. *State v. Ryan*, 257 Neb. 635, 601 N.W.2d 473 (1999). The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity. *Id.* Additionally, the Nebraska Postconviction Act states in part: "The court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner." § 29-3001.

Ortiz' ineffective assistance of counsel claim is procedurally barred. For the sake of argument, even if Ortiz could not have raised the ineffective assistance of counsel issue until his second motion for postconviction relief, he is clearly barred from raising the claim in his third motion. As such, the issue is not properly before us and will not be considered.

As to Ortiz' claim of improper venue as grounds for relief, we note that Ortiz failed to raise venue as an issue in his direct appeal. On direct appeal, Ortiz challenged only the sufficiency of the evidence to sustain his conviction, asserted that there was

error in the admission of certain evidence, and claimed error in a denial of his attempt to introduce surrebuttal testimony.

Ortiz points out that at trial, his counsel moved for a dismissal of the information on the grounds of improper venue and the Buffalo County District Court's lack of jurisdiction. This motion was denied by the trial court. Accordingly, the issue of venue was known to Ortiz and could have been litigated on direct appeal. Since Ortiz failed to litigate the issue on direct appeal, he is procedurally barred from raising it in a motion for postconviction relief. See *State v. Reeves, supra.*

■ In addition, a defendant's failure to diligently prosecute an appeal from a denial of a prior motion for postconviction relief results in a procedural default that bars later action on the claim. *Id.* In his first motion for postconviction relief, Ortiz asserted that

> your petitioner was denied a fair trial in that during peti-
> tioner[']s trial and throughout the entire trial not once was
> it proven where the deceased had been killed nor in what
> County of Nebraska, or even if the deceased was killed in
> Nebraska. To this day speculations are being made as to
> where the deceased was killed. It very well may be that this
> Court had no jurisdiction to try said case.

This motion was denied when the district court found that the motion did not state a matter which would entitle Ortiz to postconviction relief. There is no record that Ortiz filed an appeal from this denial. Since Ortiz raised the issue of venue based upon a dearth of evidence that the offense took place in Buffalo County, his failure to appeal from the denial of his first motion for postconviction relief serves as an additional procedural bar to his raising the issue of venue in this third motion for postconviction relief.

Ortiz' third postconviction motion states as a factual allegation that the DNA testing granted by the district court will reveal that the blood found in his automobile did not originate from the victim. Ortiz argues that the district court's denial of his third motion for postconviction relief is inconsistent with the same court's ruling on his motion for DNA testing. He reasons that since the district court's decision to grant the DNA motion was predicated upon a finding that DNA testing of the blood evidence

was not previously available, it is inconsistent for the same court to rule that all of the issues raised in his third postconviction motion have previously been or could have been raised. He states that the district court's ruling on the third postconviction motion will become res judicata and preclude the exculpatory effect of the DNA test results.

The DNA Testing Act provides in part: "Nothing in the DNA Testing Act shall be construed to limit the circumstances under which a person may obtain DNA testing or other postconviction relief under any other provision of law." § 29-4124. The results of the DNA testing and the application of the DNA Testing Act are not before us in this appeal. Therefore, Ortiz' arguments relating to the pending DNA test results will not be considered here.

All of the issues asserted in Ortiz' third motion for postconviction relief have previously been raised or could have been raised by Ortiz. The district court correctly denied Ortiz' third motion for postconviction relief.

### INCOMPLETE BILL OF EXCEPTIONS

The record before us does not contain the entire bill of exceptions requested by Ortiz. Ortiz argues that since neither the court reporter nor the district court has certified the entire bill of exceptions in this case, the documents presently before this court should be stricken from the record, the judgment should be reversed, and the cause should be remanded to the district court.

We recently addressed a case in which the defendant who appealed a denial of his motion for postconviction relief assigned as error the district court's refusal to grant his motion to order the preparation of a bill of exceptions of his trial. See *State v. Curtright*, 262 Neb. 975, 637 N.W.2d 599 (2002). We stated:

> Because the bill of exceptions from the trial would have been useful only to assess claimed trial errors, the evaluation of which were procedurally barred, the district court did not err in these postconviction proceedings in denying Curtright's motion to order the preparation of a bill of exceptions of the trial.

*Id.* at 984, 637 N.W.2d at 605.

The case at bar differs from *Curtright* in that here, an incomplete bill of exceptions was delivered. However, the policy

underlying our decision in *Curtright* remains unchanged. The issues that Ortiz relies upon in seeking postconviction relief are procedurally barred, and a complete bill of exceptions is not necessary for a proper review of Ortiz' motion. There is no merit to Ortiz' argument to the contrary.

## CONCLUSION

The issues upon which Ortiz bases his third motion for postconviction relief are procedurally barred. The judgment of the district court is affirmed.

AFFIRMED.