STATE OF NEBRASKA, APPELLEE AND CROSS-APPELLANT, V. CAREY DEAN MOORE, APPELLANT AND CROSS-APPELLEE.

718 N.W.2d 537

Filed July 28, 2006.    No. S-04-1081.

Alan E. Peterson, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellant.

Jon Bruning, Attorney General, and J. Kirk Brown for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, MILLER-LERMAN, JJ., and CASSEL, Judge.

PER CURIAM.

## NATURE OF CASE

Appellant, Carey Dean Moore, was convicted of two counts of first degree murder and sentenced to death in 1980. Since his original convictions and sentences, the state and federal courts have considered numerous cases brought by Moore, including direct appeals and collateral proceedings, one of which resulted in a remand for resentencing where Moore was again sentenced to death. On August 31, 2004, the district court for Douglas County denied Moore's second petition for postconviction relief since his resentencing, and thereafter, Moore filed this appeal.

Moore's petition for postconviction relief relies on the 8th and 14th Amendments to the U.S. Constitution and art. I, §§ 3, 9, and 15, of the Nebraska Constitution. Moore makes two challenges relative to the use of electrocution to enforce a sentence of death. First, Moore claims that "under any protocol, the use of electrocution [as the statutorily mandated method of execution] violates" his rights. Second, Moore claims that the electrocution procedure to be used pursuant to a new protocol which "provides for an uninterrupted application of 2,450 volts of electricity for

15 seconds" violates his rights. The district court denied an evidentiary hearing and postconviction relief on the basis that this court had recently rejected Eighth Amendment challenges to the use of the electric chair.

Moore appeals the denial of postconviction relief. The State cross-appeals and asserts that the district court reached the right result for the wrong reason. We agree with the State's analysis that Moore's claims are either procedurally barred or not authorized in a postconviction action. Therefore, albeit for reasons different than those stated by the district court, we affirm the district court's denial of postconviction relief.

## STATEMENT OF FACTS

In our opinion in the appeal of Moore's previous state postconviction action after resentencing and prior to the present case, the procedural background of this case was set forth as follows:

In a 4-day span during August 1979, Moore robbed and murdered two Omaha taxi drivers. Moore was convicted of two counts of first degree murder, based on a felony murder theory, and was sentenced to death by a three-judge panel in 1980. We affirmed the convictions and sentence in *State v. Moore*, 210 Neb. 457, 316 N.W.2d 33 (1982), *cert. denied* 456 U.S. 984, 102 S. Ct. 2260, 72 L. Ed. 2d 864 (*Moore I*). The facts of the underlying crimes are more fully set out in that opinion.

Moore filed his first state postconviction action in 1982, alleging, inter alia, that his trial counsel was ineffective and that Nebraska's death penalty procedures were unconstitutional. On appeal, we rejected these arguments. *State v. Moore*, 217 Neb. 609, 350 N.W.2d 14 (1984) (*Moore II*).

Moore then filed a federal habeas corpus action and was granted a writ of habeas corpus based upon his constitutional challenge to Nebraska's death penalty procedures. The U.S. Court of Appeals for the Eighth Circuit affirmed the order of resentencing, and this order was reaffirmed by the Eighth Circuit on denial of rehearing. *Moore v. Clarke*, 904 F.2d 1226 (8th Cir. 1990), *rehearing denied* 951 F.2d 895 (8th Cir. 1991), *cert. denied* 504 U.S. 930, 112 S. Ct. 1995, 118 L. Ed. 2d 591 (1992).

On remand, this court determined that it would decline to itself resentence Moore, but would instead remand the cause to the state district court for resentencing. *State v. Moore*, 243 Neb. 679, 502 N.W.2d 227 (1993) (*Moore III*). Moore was again sentenced to death, and on direct appeal from his resentencing, he again alleged, inter alia, that [some aspects of] Nebraska's death penalty statutes and procedures were unconstitutional. We rejected those arguments. *State v. Moore*, 250 Neb. 805, 553 N.W.2d 120 (1996), *cert. denied* 520 U.S. 1176, 117 S. Ct. 1448, 137 L. Ed. 2d 554 (1997) (*Moore IV*).

On March 3, 1997, this court set an execution date of May 9 for Moore. Moore filed the [first] state action for postconviction relief [after resentencing] on April 30. On May 5, this court stayed Moore's execution in light of *Reeves v. Hopkins*, 102 F.3d 977 (8th Cir. 1996), *rev'd* 524 U.S. 88, 118 S. Ct. 1895, 141 L. Ed. 2d 76 (1998). On the same date, the district court denied Moore's motion for postconviction relief, without an evidentiary hearing. This appeal followed, and because this is a capital case, the appeal was placed on our docket. See Neb. Rev. Stat. § 24-1106 (Reissue 1995).

*State v. Moore*, 256 Neb. 553, 554-55, 591 N.W.2d 86, 88-89 (1999) (*Moore V*).

As will be discussed below, we note that although Moore had unsuccessfully challenged the "use of an 'electric chair' " as the statutory method of execution in a motion filed in district court on April 8, 1994, in connection with his resentencing, he did not raise the denial of his challenge to the use of the electric chair in the appeal thereof, which appeal resulted in our opinion *State v. Moore*, 250 Neb. 805, 553 N.W.2d 120 (1996) (*Moore IV*). In *Moore V*, Moore's first postconviction case following resentencing, we concluded that all of Moore's claims for postconviction relief were either procedurally barred or without merit, and we affirmed the district court's denial of that petition for postconviction relief.

On October 5, 1999, Moore filed a petition for writ of habeas corpus in the federal district court for the district of Nebraska. See *Moore v. Kinney*, 119 F. Supp. 2d 1022 (D. Neb. 2000). The

federal district court denied Moore's petition in its entirety and dismissed the petition with prejudice. *Id.* Among the claims Moore made in the petition for writ of habeas corpus was a claim that " 'Nebraska's death penalty by electrocution violates the Eighth and Fourteenth Amendments.' " 119 F. Supp. 2d at 1038. The district court rejected the claim based on the U.S. magistrate judge's recommendation that the claim was barred because the claim was "available to [Moore] and could have been raised during either the state direct appeal or postconviction proceedings" and the claim was therefore "subject to procedural default." *Id.* at 1039-40. The magistrate noted that Moore did "not even attempt to demonstrate either cause or prejudice sufficient to excuse this default." *Id.* at 1040. The denial of Moore's petition for writ of habeas corpus was affirmed by the Court of Appeals for the Eighth Circuit. *Moore v. Kinney*, 320 F.3d 767 (8th Cir. 2003).

On July 26, 2004, Moore filed his second petition for postconviction relief following resentencing in the district court for Douglas County. The denial of this petition for postconviction relief gives rise to the current appeal. In this postconviction petition, Moore alleges that "the imposition of death by electric chair violates his rights under the Nebraska and United States Constitutions' prohibitions against cruel and unusual punishment and right not to be deprived [of] his life without due process." Moore relies on the 8th and 14th Amendments to the U.S. Constitution and Neb. Const. art. I, §§ 3, 9, and 15, and Neb. Rev. Stat. § 29-2532 (Reissue 1995). In his petition, Moore notes the adoption of a new protocol for implementation of electrocution which he alleges provides for "an uninterrupted application of 2,450 volts of electricity for 15 seconds." Moore makes a global challenge to electrocution, which is the statutorily mandated method of execution in Nebraska, wherein he claims that "under any protocol, the use of electrocution violates" his rights. Moore makes the more specific claim that the new protocol providing for a specific electrocution procedure violates his rights. Moore requested, inter alia, an evidentiary hearing and an order declaring electrocution unconstitutional.

On August 31, 2004, the district court entered an order denying Moore's motion for postconviction relief without an evidentiary

hearing. The court stated, "The Nebraska Supreme Court in *State v. Bjorklund*, 258 Neb. 452 (2000) and in *State v. Ryan*, 248 Neb. 405 (1995) ruled that death by electrocution is not cruel and unusual punishment. Therefore, the Court finds that the defendant's pending motion for post-conviction relief should be overruled and denied." Moore appeals. The State cross-appeals.

## ASSIGNMENTS OF ERROR

Moore claims, restated, that the district court erred in denying his petition for postconviction relief without an evidentiary hearing. In the State's cross-appeal, it claims, restated, that the district court reached the right result for the wrong reasons and that, inter alia, the district court erred in reaching the merits of Moore's claims and in failing to find that Moore was procedurally barred from raising the claims raised in this postconviction petition.

## STANDARDS OF REVIEW

■ Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *State v. Marshall*, 269 Neb. 56, 690 N.W.2d 593 (2005).

■ A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *Id.*

## ANALYSIS

Moore filed this appeal challenging the denial of postconviction relief. The State filed a cross-appeal challenging the reasoning of the district court. We find merit to the arguments of the State on cross-appeal, the substance of which precludes Moore's success on appeal, and we therefore affirm the order of the district court.

### Nebraska Postconviction Statute.

Postconviction relief in Nebraska is authorized by statute. Neb. Rev. Stat. § 29-3001 (Reissue 1995) provides, in part, as follows:

A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of the rights of the prisoner as to render the

judgment void or voidable under the Constitution of this state or the Constitution of the United States, may file a verified motion [for postconviction relief].

Under the postconviction statute, "[t]he court need not entertain a second or successive motions for similar relief on behalf of the same prisoner." *Id.*

We have stated that in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Harris*, 267 Neb. 771, 677 N.W.2d 147 (2004); *State v. Lotter*, 266 Neb. 245, 664 N.W.2d 892 (2003). We have stated that "[t]he judgment in a criminal case is the sentence." *State v. Reeves*, 258 Neb. 511, 524, 604 N.W.2d 151, 161 (2000). We have also stated that "[a] finding of guilty is a conviction, but it is not a judgment or final order, and there can be no appeal until a sentence has been imposed." *State v. Hess*, 261 Neb. 368, 375, 622 N.W.2d 891, 899 (2001).

In this postconviction case, Moore does not challenge his underlying conviction. Instead, Moore makes two claims relative to the State's carrying out his sentence of death. First, he claims that electrocution as the statutorily mandated method of execution in Nebraska is unconstitutional. Second, he claims that the electrocution procedure recited in the new protocol summarized above is unconstitutional. We consider these claims separately.

*Moore's Claim That Electrocution as the Statutorily Mandated Method of Execution Is Unconstitutional Is Procedurally Barred.*

The State argues on cross-appeal that Moore's claim in this second postconviction petition following resentencing asserting that electrocution as the statutorily mandated method of execution is unconstitutional is procedurally barred. We agree.

With respect to procedural default, we have stated that a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and which were or could have been litigated on direct appeal. *State v. Ortiz*, 266 Neb. 959, 670 N.W.2d 788 (2003). We have further stated that an appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at

the time the movant filed the prior motion. *Id.*; *State v. Ryan*, 257 Neb. 635, 601 N.W.2d 473 (1999). The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity. *State v. Ortiz, supra*. See, also, § 29-3001.

As his first claim in his petition for postconviction relief, Moore makes a global challenge to electrocution as the statutorily mandated method of execution in Nebraska. As noted in our "Statement of Facts," Moore previously challenged the "use of an 'electric chair' " to enforce capital punishment in Nebraska in a motion filed on April 8, 1994, in his resentencing case, which became known on appeal as *Moore IV*. However, after the district court overruled Moore's "motion re[garding] constitutionality of death penalty" on May 17, 1994, Moore chose not to appeal the denial of this constitutional challenge.

It is clear on the explicit record in this case that the use of electrocution as an issue relative to a sentence of death was known to Moore and that he could have litigated this issue on direct appeal from the resentencing. See *State v. Ortiz, supra*. The current postconviction motion cannot be used to secure review of this issue which we conclude, as did the federal district court, is procedurally barred. See *Moore v. Kinney*, 119 F. Supp. 2d 1022 (D. Neb. 2000). The district court did not err in denying relief without a hearing.

*Moore's Claim That the Electrocution Procedure in the New Protocol Is Unconstitutional Cannot Be Reached in This Postconviction Case.*

Moore alleges in this postconviction case that the electrocution procedure recited in the new protocol is unconstitutional. Moore's electrocution procedure challenge is based on purported violations of the 8th and 14th Amendments to the U.S. Constitution and article I, §§ 3, 9, and 15, of the Nebraska Constitution. Moore does not allege that use of the new protocol violates his civil rights under 42 U.S.C. § 1983 (2000). In making his electrocution procedure claim, Moore does not challenge either his underlying conviction or the judgment of a sentence of death. We conclude that in making his electrocution procedure claim, Moore has not alleged facts which if established would

render the judgment void or voidable as required to succeed under the Nebraska Postconviction Act, and, therefore, we conclude, albeit for reasons different than those stated by the district court, that the district court did not err in denying postconviction relief.

As noted, to succeed under the Nebraska Postconviction Act, a defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Harris*, 267 Neb. 771, 677 N.W.2d 147 (2004); *State v. Lotter*, 266 Neb. 245, 664 N.W.2d 892 (2003). The judgment in a criminal case for present purposes is the sentence. *State v. Reeves*, 258 Neb. 511, 604 N.W.2d 151 (2000).

We have reviewed Moore's postconviction petition, and we determine that Moore's petition as it pertains to the electrocution procedure issue does not seek to set aside Moore's sentence of death and that, thus, he does not claim that the judgment is void or voidable. In making this determination, we are guided by the Nebraska postconviction statute and the analysis of the U.S. Supreme Court in *Nelson v. Campbell*, 541 U.S. 637, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004).

In *Nelson*, a state prisoner sentenced to death filed a civil rights action under § 1983 alleging that Alabama's proposed use of a "cut-down" procedure, not mandated by state law, to access his veins during the lethal-injection procedure constituted cruel and unusual punishment. The dismissal of the prisoner's action by the federal district court was affirmed by the Court of Appeals for the 11th Circuit. The U.S. Supreme Court reversed. Although *Nelson* states that it leaves unresolved the question as to whether a global challenge to a statutorily mandated method of execution "would call into question the death sentence itself," 541 U.S. at 645, the Court concluded that § 1983 was the appropriate vehicle for the prisoner to challenge the particular lethal-injection procedure. The U.S. Supreme Court stated that the prisoner's suit challenging "a particular means of effectuating a sentence of death does not directly call into question the 'fact' or 'validity' of the sentence itself [because by altering the lethal-injection procedure] the State can go forward with the sentence." 541 U.S. at 644.

Recently, on June 12, 2006, in *Hill v. McDonough*, 547 U.S. 573, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006), the U.S. Supreme Court reaffirmed the principles in *Nelson*. *Hill* was a § 1983 challenge to a three-drug lethal-injection procedure proposed in Florida. The Court in *Hill* observed that under Florida law, implementation of lethal injection was left to Florida's department of corrections. We view Neb. Rev. Stat. §§ 29-2532 to 29-2536 (Reissue 1995), which identifies the warden of the Nebraska Penal and Correctional Complex as the executioner, as similar to the Florida law dealing with implementation. The *Hill* court also noted that a prior habeas corpus petition filed by the prisoner did not preclude this § 1983 action and that the injunction sought by him enjoining the specific procedure would not foreclose the State of Florida from implementing lethal injection by another procedure and, thus, it could not be said that the prisoner's suit sought to establish " 'unlawfulness [that] would render a conviction or sentence invalid.' " 547 U.S. at 583, quoting *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

■ Similar to *Hill*, in the instant case, it cannot be said that Moore's constitutional challenge to the electrocution procedure under the new protocol would render his sentence of death invalid. Unlike the cases in *Nelson* and *Hill* which were permitted to proceed, however, Moore has not filed this case as a § 1983 action but instead has filed for relief under Nebraska's postconviction statute. As such, Moore has not alleged facts which if proved would render his sentence of death void, and we conclude that in an action under Nebraska's postconviction statute, an issue of constitutional dimension involving a sentence does not constitute grounds for postconviction relief unless it also constitutes grounds for finding the sentence void or voidable. See *State v. Cole*, 207 Neb. 318, 298 N.W.2d 776 (1980). Moore's electrocution procedure challenge would not constitute grounds for setting aside his sentence of death and would not "render the judgment void or voidable." § 29-3001. Therefore, as to his challenge to the electrocution procedure, Moore has not alleged grounds for relief under the Nebraska Postconviction Act. The district court did not err in denying relief without a hearing.

## CONCLUSION

We conclude that Moore, having previously raised the issue, is procedurally barred in this second postconviction action following resentencing from again raising a claim that electrocution as the statutorily mandated method of execution is unconstitutional. We also conclude that Moore's challenge to the electrocution procedure under the new protocol cannot be reached in a postconviction action under the Nebraska Postconviction Act. We find no merit to Moore's assignments of error, and we find merit to certain arguments in the State's cross-appeal. For reasons different than those stated by the district court, we affirm the district court's denial of postconviction relief.

AFFIRMED.

WRIGHT, J., not participating.