STATE OF NEBRASKA, APPELLEE, V.
ANTHONY L. JACKSON, APPELLANT.
730 N.W.2d 827

Filed May 1, 2007.   No. A-05-892.

Anthony L. Jackson, pro se.

Jon Bruning, Attorney General, and James D. Smith for appellee.

INBODY, Chief Judge, and IRWIN and SIEVERS, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Anthony L. Jackson appeals from the district court's dismissal, without an evidentiary hearing, of Jackson's second motion for postconviction relief. On appeal, Jackson asserts that the court

erred in denying an evidentiary hearing and in denying postconviction relief. We find that Jackson's second motion for postconviction relief did not show on its face that the basis relied upon for relief was not available at the time of Jackson's prior motion for postconviction relief. As such, we affirm.

## II. BACKGROUND

On May 20, 2003, Jackson was found guilty of burglary and being a habitual criminal. Jackson had entered a plea of guilty to the burglary charge, and the State presented evidence to demonstrate that Jackson was a habitual criminal. On July 21, the district court for Lancaster County, Nebraska, sentenced Jackson to 20 to 40 years' imprisonment.

On December 22, 2003, Jackson filed a motion for postconviction relief. In that motion, Jackson alleged that his trial counsel had been ineffective for not determining that Jackson's "criminal record" was, for unexplained reasons, insufficient to support a habitual criminal charge. Jackson alleged that his counsel was ineffective in investigation of Jackson's criminal record and in advising Jackson to plead guilty to the burglary charge. Jackson also alleged that no direct appeal was filed and that his plea was invalid.

On March 11, 2004, the district court entered an order denying Jackson's motion for postconviction relief, without granting an evidentiary hearing. The court noted that Jackson had failed to plead any factual allegations concerning his prior criminal record and concerning why any portion of it was insufficient to support the habitual criminal conviction, and it further noted that the State had adduced evidence to prove that Jackson was a habitual criminal prior to his sentencing.

Jackson appealed the district court's denial of his motion for postconviction relief to this court. On June 14, 2005, this court affirmed the district court's denial of postconviction relief.

On June 24, 2005, Jackson filed a second motion for postconviction relief. In his second motion, Jackson alleged that his trial and appellate counsel—although there was no appeal from his conviction—had been ineffective concerning various issues related to Jackson's mental competency. Jackson also alleged prosecutorial misconduct and alleged that the State had withheld exculpatory evidence, although he did not indicate what such

evidence was. Jackson further made allegations concerning the validity of his plea and the subject matter jurisdiction of the trial court.

On June 27, 2005, the district court entered an order denying Jackson's second motion for postconviction relief, without an evidentiary hearing. In that order, the district court specifically denied a request by Jackson for in forma pauperis status at the district court level of this postconviction action, finding that no prepayment of costs was required in postconviction proceedings and that in forma pauperis status was, accordingly, unnecessary. The district court then found that Jackson's second motion for postconviction relief did not show on its face that the basis relied upon for relief was not available at the time of Jackson's prior motion for postconviction relief. As such, the district court dismissed Jackson's second motion for postconviction relief.

On July 1, 2005, Jackson filed a motion for reconsideration. On July 5, the district court denied the motion. This appeal followed.

## III. ASSIGNMENTS OF ERROR

Jackson has assigned two errors on appeal, which we consolidate for discussion to one: The district court erred in denying Jackson's second motion for postconviction relief without granting an evidentiary hearing.

## IV. ANALYSIS

### 1. Final, Appealable Order

Before addressing whether there is any merit to Jackson's appeal, we feel compelled to address a jurisdictional issue that arose as this case was pending before us on appeal. See *State v. Dunlap*, 271 Neb. 314, 710 N.W.2d 873 (2006) (duty of appellate court to determine whether it has jurisdiction over matter before it). The jurisdictional issue concerns whether the district court's order denying Jackson in forma pauperis status at the district court level and dismissing his second motion for postconviction relief is a final, appealable order, because it failed to direct the payment of costs, including the statutorily required filing fee. We conclude that the order is a final, appealable order, although the court's denial of in forma pauperis status should not

be construed to suggest that no filing fee is required in postconviction proceedings.

As noted above, on June 27, 2005, the district court denied Jackson's request to proceed in forma pauperis at the district court level, finding that in forma pauperis status was not required because the prepayment of costs is not required in postconviction proceedings. In the same order, the district court held that Jackson's second motion for postconviction relief was procedurally barred and dismissed the motion. In that order, the court did not make any order concerning the payment of costs, including the statutorily required filing fee, beyond recognizing that such costs are not subject to a requirement of prepayment in postconviction proceedings.

Neb. Rev. Stat. § 29-3001 (Reissue 1995) specifies that "[p]roceedings under the provisions of [the Nebraska Postconviction Act] shall be civil in nature" and that "[c]osts shall be taxed as in habeas corpus cases." Neb. Rev. Stat. § 29-2824 (Reissue 1995) specifies that in habeas corpus cases, "the fees of the clerk, sheriff, and witnesses in the case" shall be "taxed by the [court]." Section 29-2824 also specifies that "no person or officer shall have the right to demand the payment in advance of any fees which such person or officer may be entitled to" in habeas corpus cases. Read together, these provisions support the district court's conclusion that prepayment of fees and costs is not required in postconviction cases.

However, these provisions also indicate that such fees and costs are to be taxed by the court, not completely waived on the basis of the proceeding's being one for habeas or postconviction relief. Section 29-2824 further indicates that the court is to tax fees and costs in habeas (and, accordingly, postconviction) cases "as part of the original costs in the case" when the applicant is held to bail or remanded to custody by the judge and that the costs shall be "taxed to the state, and paid out by the county treasury of the proper county," when the applicant is wholly discharged as a result of the habeas (or postconviction) action.

Neb. Rev. Stat. § 33-106 (Reissue 2004) indicates the mandatory nature of filing fees associated with proceedings brought in the district court. Section 33-106 also enumerates the various fees owed to the clerk of the district court upon the

commencement of a proceeding in district court. We are aware of no provision of law which makes these fees not required in habeas or postconviction proceedings; although the provisions discussed above specify that the fees are to be taxed as costs in habeas (and, accordingly, postconviction) actions and that prepayment cannot be required, they do not suggest that the fees are altogether unrequired.

In the present case, the district court's order properly recognized that prepayment of costs is not required in postconviction proceedings. The court failed, however, to tax those costs upon resolution of the proceeding. The court entered an order denying in forma pauperis status, but did so not on the basis of Jackson's not actually qualifying for in forma pauperis status, but, rather, on the basis of prepayment of costs' not being required. The result of the court's order is that an outstanding statutory obligation to tax costs has been left unresolved.

The Nebraska Supreme Court has held that costs are considered part of the judgment and that where an order is appealed from when an issue of costs is unresolved, a portion of the judgment is unresolved and the order from which the appeal is taken is not final. See *Smeal Fire Apparatus Co. v. Kreikemeier*, 271 Neb. 616, 715 N.W.2d 134 (2006). Similarly, where the trial court enters an order concerning an aspect of costs but does not enter an underlying judgment, the award of costs is not a final, appealable order. See *id*.

The present case, however, presents a different situation because postconviction proceedings are special proceedings. See *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998). Special proceedings entail civil statutory remedies not encompassed in chapter 25 of the Nebraska Revised Statutes. *Id.* Pursuant to Neb. Rev. Stat. § 25-1902 (Reissue 1995), an order affecting a substantial right made during a special proceeding is one of the three types of final orders that may be reviewed on appeal. See *State v. Silvers, supra*. A substantial right is an essential legal right, not a mere technical right. *State v. Vela*, 272 Neb. 287, 721 N.W.2d 631 (2006). A substantial right is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant prior to the order from which an appeal is taken. *Id.*

The order in the present case clearly affected a substantial right. The order held that Jackson's claim was procedurally barred and dismissed his claim entirely. Because the order affected a substantial right and was made in a special proceeding, the order is a final, appealable order under § 25-1902 and is properly reviewed by this court. This is true notwithstanding that the district court has yet to properly comply with the requirements to tax costs, including the statutorily required filing fee, associated with Jackson's second motion for postconviction relief.

## 2. Denial of Postconviction Relief

With respect to the merits of his appeal, Jackson asserts that the district court erred in denying his second motion for postconviction relief without granting him an evidentiary hearing. He argues that he has "set fourth [sic] several reasons upon which [h]e believed he should be entitled to Postconviction relief." Brief for appellant at 7. Because this is Jackson's second motion for postconviction relief, and because the face of the motion does not show that Jackson is asserting issues which were not available at the time of his prior motion for postconviction relief, we find Jackson's claims to be procedurally barred.

With respect to procedural default, the Nebraska Supreme Court has stated that a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and which were or could have been litigated on direct appeal. *State v. Moore*, 272 Neb. 71, 718 N.W.2d 537 (2006). The Supreme Court has further stated that an appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis for relief was not available at the time the movant filed the prior motion. *Id.* The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity. *Id.* See, also, § 29-3001.

Jackson's second motion for postconviction relief included a number of allegations about the alleged ineffectiveness of his counsel, as well as allegations of prosecutorial misconduct and allegations concerning the validity of his plea. It is clear from the face of Jackson's second motion that the basis for all of his allegations is alleged conduct by counsel and the prosecutor occurring prior to Jackson's plea to the burglary charge in May

2003. There is nothing on the face of the second motion which affirmatively shows that any of the bases for relief were not available at the time Jackson filed his prior motion for postconviction relief in December 2003. Indeed, the face of the second motion suggests that all bases for relief now being alleged were, in fact, available at the time of the prior motion. As such, it was appropriate for the district court to dismiss the second motion without granting an evidentiary hearing. See *State v. Parmar*, 263 Neb. 213, 639 N.W.2d 105 (2002).

## V. CONCLUSION

We find no merit to Jackson's appeal. Jackson's second motion for postconviction relief was procedurally barred, and the district court did not err in dismissing it without granting an evidentiary hearing.

AFFIRMED.